# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
       **Plaintiff,**

  v.                                                              **Case No. 20-CR-242**

**SCOTT CHARMOLI**
       **Defendant.**

## DECISION AND ORDER

The government alleges that defendant Scott Charmoli, a dentist, executed a scheme to defraud health care benefit programs. Specifically, the indictment alleges that defendant falsely advised patients that they needed crowns for teeth that were not broken; that he fabricated justifications for the crown procedures, including using a dental drill to break the patients' teeth and then taking a photo or x-ray to submit to the insurance provider; and that he made false representations to health insurers regarding the unnecessary crown procedures. (R. 1 at 3-5.) The indictment alleges that the scheme began in January 2016 and lasted through September 2019 (R. 1 at 3), and as part of the scheme defendant performed and billed a large number of crown procedures (R. 1 at 5). For example, between January 2018 and August 2019, defendant submitted more than $2,000,000 worth of claims for crowns. (R. 1 at 5.) The indictment specifies by date, patient initials, and amount billed/paid eight allegedly fraudulent claims in execution of the scheme. (R. 1 at 6.)

The magistrate judge handling pre-trial proceedings granted in part defendant's pre-trial motion for a bill of particulars, requiring the government to identify any other crown procedures it intends to show at trial were part of the scheme, providing the approximate date of the

procedure, patient's name, tooth number, amount billed, and amount paid. (R. 40 at 5.) The government provided the bill on or about November 15, 2021, identifying 53 additional procedures. (R. 41-1.) The magistrate judge also set an expert witness disclosure deadline of December 13, 2021. (R. 40 at 12.)

The case is set for final pre-trial on February 10, 2022, and trial on March 7, 2022. Pending are a number of motions in limine. In this order I address defendant's motion to exclude other acts evidence.

**I.**

Defendant moves for an order prohibiting introduction of evidence about the 53 crown procedures identified in the government's bill of particulars. He argues that this constitutes prohibited other acts evidence, see Fed. R. Evid. 404(b), and that the danger of unfair prejudice outweighs any probative value, see Fed. R. Evid. 403. (R. 41 at 1, 6.) In the alternative, he moves for an order extending his expert disclosure deadline to a date 60 days after the government discloses its experts. (R. 41 at 1, 9.)

Defendant argues that it appears the government intends to use evidence of the 53 additional procedures to demonstrate his propensity to perform unnecessary crown procedures, contrary to Rule 404. (R. 41 at 6.) He further argues that the evidence should be excluded because any probative value is outweighed by the risk of confusion of the issues, misleading the jury, undue delay, wasting time, and needlessly presenting cumulative evidence under Rule 403. (R. 41 at 7.) He contends that he has operated on the assumption that only the eight charged procedures would be presented at trial, retaining experts to review these procedures; if evidence of the 53 additional procedures were deemed admissible, it would take several additional months for his experts to perform the necessary review. (R. 41 at 8.)

2

The government responds that evidence about the additional crown procedures is not other acts evidence at all but rather direct evidence of the charged fraud scheme. (R. 42 at 1.) The government further contends that defendant has been well aware that the charged scheme, which spanned several years and allegedly bilked insurance companies out of hundreds of thousands of dollars, involved more than the eight procedures identified in the execution counts. The government notes that it provided defendant with all patient records and expert's notes regarding the procedures identified in the bill of particulars by February 2021. (R. 42 at 1-2, 4.) The government indicates that it does not anticipate offering extensive evidence concerning each of the crown procedures identified in the bill of particulars, but it likely will offer some evidence concerning these procedures to prove the existence of the charged scheme and to rebut defenses such as lack of intent to defraud or mistake. For example, the government's expert may testify that he reviewed records concerning these procedures and that they fit defendant's scheme of breaking an undamaged tooth to justify a crown. (R. 42 at 3.)

**II.**

Evidence of other crimes, wrongs, or acts is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character. Such evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. Fed. R. Evid. 404(b). The Seventh Circuit has set forth a test for evaluating such evidence:

> [T]o overcome an opponent's objection to the introduction of other-act evidence, the proponent of the evidence must first establish that the other act is relevant to a specific purpose other than the person's character or propensity to behave in

3

> a certain way. Other-act evidence need not be excluded whenever a propensity inference can be drawn. But its relevance to another purpose must be established through a chain of reasoning that does not rely on the forbidden inference that the person has a certain character and acted in accordance with that character on the occasion charged in the case. If the proponent can make this initial showing, the district court must in every case assess whether the probative value of the other-act evidence is substantially outweighed by the risk of unfair prejudice and may exclude the evidence under Rule 403 if the risk is too great. The court's Rule 403 balancing should take account of the extent to which the non-propensity fact for which the evidence is offered actually is at issue in the case.

United States v. Gomez, 763 F.3d 845, 860 (7th Cir. 2014) (en banc) (internal citations and quote marks omitted).

"Although Gomez clarifies how the district court should analyze Rule 404(b) evidence, it remains intact that Rule 404(b) does not apply to direct evidence of the crime charged." United States v. Ferrell, 816 F.3d 433, 443 (7th Cir. 2015). In cases involving a scheme to defraud, direct evidence is not limited to evidence pertaining to the specific executions alleged in the indictment. See, e.g., United States v. Boone, 628 F.3d 927, 934 (7th Cir. 2010); United States v. Lanas, 324 F.3d 894, 900-01 (7th Cir. 2003); United States v. Thomas, 396 F. Supp. 3d 813, 828-29 (N.D. Ind. 2019); United States v. Volpentesta, No: 14 C 50343, 2015 U.S. Dist. LEXIS 97677, at *28 (N.D. Ill. July 27, 2015); see also United States v. Elmer, 980 F.3d 1171, 1175 (7th Cir. 2020) (applying the same analysis in a conspiracy case).

In Lanas, a mail fraud case involving a kickback scheme, the court permitted the introduction of evidence of kickbacks other than those related to the specific mailings alleged in the indictment. In rejecting the defendants' 404(b) argument, the court noted that "a mailing in furtherance of a scheme to defraud is simply the element that confers federal jurisdiction under the mail fraud statute; but a fraud scheme can produce proceeds long before the act that ultimately triggers jurisdiction." 324 F.3d at 901. Because the indictment in that case set forth

4

one overarching scheme to defraud, evidence related to the other kickbacks "was not Rule 404(b) evidence at all but was properly admitted as proof of that overall scheme." Id.

Similarly, in Thomas, a mail fraud case involving a scheme to defraud comprised of setting fires to properties in order to collect insurance policy proceeds, the court permitted introduction of evidence of fires other than the arson specifically linked to the charged mailing. The court held that "the jury was free to consider the government's evidence regarding the earlier fires as direct evidence that he committed mail fraud; that evidence does not raise any propensity concerns." 396 F. Supp. 3d at 829.

In the present case, defendant is charged with health care fraud under 18 U.S.C. § 1347, but this statute, like its mail and wire fraud counterparts, requires the government to prove the existence of a "scheme to defraud." Pattern Criminal Jury Instructions of the Seventh Circuit 569 (2020) (§ 1347 elements). "A scheme to defraud a health care benefit program means a plan or course of action intended to deceive or cheat that health care benefit program[.]" Id. at 573 (basing the instruction on the mail/wire/bank fraud statutes). The indictment in this case makes clear that the alleged scheme to defraud is not limited to the eight executions charged. As indicated above, the indictment alleges that the scheme lasted several years and involved hundreds of thousands of dollars of claims paid. Other executions of the scheme, as alleged in the bill of particulars, may constitute evidence of the "course of action" the government must prove.[1] Indeed, defendant's motion for a bill of particulars makes clear that he knew other

---

[1] In another filing, the government notes that proof the scheme includes evidence of the eight procedures charged in the execution counts, the 53 procedures referenced in the bill of particulars, and evidence as to defendant' pattern and practice related to crown procedures. That evidence will come in the form of witness testimony by former employees who will testify about the ways in which defendant convinced patients to consent to dental crowns, the ways in which defendant used the intra-oral camera to take pictures and x-rays after using a dental

5

procedures could be at issue. (R. 16 at 1: "The defense accepts that the Government may attempt to admit evidence beyond the eight procedures and five patients enumerated as part of its effort to prove a scheme.".) Finally, defendant does not in his reply dispute the government's contention that he received discovery on the additional procedures nearly a year ago.[2]

Defendant's stronger argument—and the focus of his reply—is that admission of such evidence risks confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence under Rule 403. Because most relevant evidence, by its very nature, is prejudicial, only <u>unfairly</u> prejudicial evidence must be excluded. <u>United States v. Hicks</u>, 368 F.3d 801, 807 (7th Cir. 2004). Evidence is unfairly prejudicial only to the extent that it will cause the jury to decide the case on improper grounds. <u>United States v. Howard</u>, 692 F.3d 697, 707 (7th Cir. 2012).

As discussed, evidence of the other procedures is relevant in this case; such evidence tends to demonstrate the existence of a scheme to damage and then repair healthy teeth in

---

drill to break the patient's teeth, and the ways in which defendant directed employees to bill for dental crowns or respond to coverage denials. It will also come from testimony of patients about the ways they were pressured to accept crown procedures by, for example, being shown pictures of teeth that defendant asserted were "fractured." Finally, it will come in the form of testimony and evidence from representatives from dental insurance companies about their coverage policies, their review of claims submissions, and data regarding the relative frequency of dental crown claims from defendant as compared to other providers in their network. (R. 45 at 13-14.)

[2]In the alternative, evidence related to the other procedures appears relevant to show intent, knowledge, plan, and absence of mistake. As the government notes, defendant's actions to damage otherwise healthy teeth to justify otherwise unnecessary crown procedures is relevant to show knowledge of the charged scheme and intent to defraud the insurers. Similarly, evidence that defendant damaged many teeth in the same manner during the charged period is relevant to show absence of mistake.

6

order to justify the submission of insurance claims. It appears from the materials submitted thus far that the defense will argue the crown procedures were appropriate.

Against this probative value, defendant in his motion primarily alleges as prejudice his inability to prepare to defend against the additional procedures. But as the government notes in its response, defendant has long known that the charged scheme involved more than the execution counts. Indeed, that knowledge prompted him to seek a bill of particulars identifying the additional procedures. Defendant does not dispute the government's assertion that he has long possessed the patient files and expert's notes related to these procedures, and the government served the bill of particulars on the defense one month before the expert disclosure deadline and about four months prior to trial.

In reply,[3] defendant argues, first, that evidence of the 53 uncharged procedures will confuse the jury. He contends that the jury will almost certainly lose track of which procedure corresponds to which count, and which instead pertain to the overall scheme. (R. 43 at 5.) The court assumes that juries follow instructions and consider the evidence consistent with those instructions. See United States v. Benabe, 654 F.3d 753, 778-79 (7th Cir. 2011). Defendant provides no reason to believe this case is different.

Second, defendant argues that the 53 uncharged procedures are needlessly cumulative of the eight charged procedures. He contends that the government could establish the scheme

---

[3]Defendant argues that the cases cited by the government do not provide clear-cut support for the government's position that this is direct evidence. (R. 43 at 2.) However, while he attempts to distinguish the government's cases, he cites no authority of his own. He cites a case indicating that pattern evidence is propensity evidence (R. 43 at 4, citing United States v. Miller, 673 F.3d 688, 699 (7th Cir. 2012), but Miller concerned the admission of a prior conviction. Ultimately, defendant states that the court need not answer these questions because the evidence should be excluded under Rule 403. (R. 43 at 4.)

7

simply by showing the eight charged procedures were medically unnecessary; evidence of the 53 uncharged procedures could be relevant only to show he did the same thing on other occasions. (R. 43 at 4-5.) This argument again takes an overly narrow view of the indictment, which alleges a scheme lasting more than three years and involving a large number of procedures. See United States v. Kolbusz, No. 12 CR 782, 2014 U.S. Dist. LEXIS 118585, at *7 (N.D. Ill. Aug. 26, 2014) ("Here, evidence of patients not named in the indictment, to the extent they were used as part of Defendant's scheme, would be probative of the alleged scheme, as well as Defendant's intent to defraud under 18 U.S.C. §§ 1341, 1343.").

That said, there is a possibility of undue delay of the trial by the presentation of cumulative evidence regarding such procedures, as defendant also contends.[4] (R. 43 at 6-7.) The government states that it does not anticipate extensive evidentiary presentations concerning the procedures identified in the bill of particulars. For example, the government anticipates offering testimony from its expert concerning his review of the procedures identified in the bill as part of his explanation of the pattern of unnecessary crown procedures. The government may also elicit testimony from dental assistants involved in these procedures to describe their observations. The government does not intend to belabor the trial by, for example, calling each patient or introducing every photograph or x-ray for these procedures. (R. 42 at 10.) I will address this issue with counsel at the final pre-trial.

Finally, defendant argues in reply that prejudice will result if the government is permitted to present this evidence without extending his deadline for expert disclosures. (R. 43 at 7.) I

---

[4] Defendant worries this will take more time than the current trial schedule allows. While I always try to move things along expeditiously, a trial takes as long as it takes. I don't intend to declare a mistrial and send everyone home if this one lasts longer than predicted.

8

note that defendant filed expert reports (in connection with another motion) on January 28, 2022. (R. 47-51.) I will also address this issue with counsel at the final pre-trial.

**III.**

**THEREFORE, IT IS ORDERED** that defendant's motion in limine (R. 41) is denied, in part, as stated herein.

Dated at Milwaukee, Wisconsin, this 9th day of February, 2022.

/s/ Lynn Adelman
LYNN ADELMAN
District Judge

9

Case 2:20-cr-00242-LA   Filed 02/09/22   Page 9 of 9   Document 57