UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

          Plaintiff,

v.                                             Case No. 20-CR-242

SCOTT CHARMOLI,

          Defendant.

### United States' Bench Memorandum regarding Exhibits 43-71

The parties have worked cooperatively to streamline this trial for the benefit of the jury and the Court. To that end, the parties filed joint stipulations regarding a number of exhibits on March 2, 2022. (ECF No. 72). After filing those stipulations, however, the United States received several reports from a business representative at Jackson Family Dentistry, which included summaries of: (1) Patient appointments at Jackson Family Dentistry from January 1, 2010 to August 2019; (2) the number of crown procedures performed by Dr. Charmoli during that time period; and (3) the production income at Jackson Family Dentistry during that same time period. These reports were pulled from the same system at Jackson Family Dentistry as the patient files and Excel spreadsheet referenced in Stipulation #2.

The United States sought agreement from Defendant with respect to these documents, but understands that Defendant does not stipulate to the admissibility

of these records. The United States intends to lay the foundation for these records at trial through a business representative of Major Dental Partners who was previously employed as an Office Manager at Jackson Family Dentistry. But for the purpose of further streamlining the trial, we are submitting this memorandum to explain the admissibility and relevance of these documents.

First, the documents are admissible as an exception to the hearsay rule pursuant to FRE 803(6) because they are business records (or summaries thereof) of Jackson Family Dentistry. The records were pulled from the same system described in stipulation 2. They come directly from the data recorded, maintained, and used by the practice. Defendant has had access to this system and data since the initial production of discovery in this case, and the data is Defendant's own business information. Moreover, the United States will present a witness who will authenticate these records.

Second, the documents are relevant as they provide direct evidence of the existence of the scheme and Defendant's motive. At trial, the United States will introduce evidence that around 2015, Defendant significantly changed his practices with respect to crown procedures. Witnesses will testify that Defendant started doing significantly more crowns and started crowning teeth that he would not have crowned previously. Witnesses will also testify that Defendant started pushing his employees to sell crown procedures. They will also testify that the way he performed crowns changed: Defendant started to routinely take an x-ray after drilling on the

tooth. And they will testify that he explained his reason for doing so: to ensure that insurance would cover that claim.

The records at issue show that, during the same time that Defendant changed his practice, the number of crown procedures he performed more than doubled. In the same time period, Defendant's annual production income also increased by more than a $1,000,000. At the same time, Defendant's patient count went up by a significantly smaller percentage than his crowns performed or income. The chart below provides a summary of the data.

| Year | Patients | Crowns Performed | Production Income |
|------|----------|------------------|-------------------|
| 2010 | 815 | 410 | $1,005,325.43 |
| 2011 | 828 | 363 | $1,056,675.23 |
| 2012 | 826 | 342 | $1,213,961.58 |
| 2013 | 872 | 363 | $1,222,599.94 |
| 2014 | 1003 | 434 | $1,371,896.17 |
| 2015 | 1266 | 1036 | $2,477,609.98 |
| 2016 | 1202 | 1015 | $2,559,486.07 |
| 2017 | 1086 | 842 | $2,425,534.32 |
| 2018 | 1259 | 766 | $2,399,226.24 |
| 2019 | 1131 | 881 | $1,770,436.07 |

This information demonstrates that at the same time as the alleged fraud, which the United States will explain occurred as a result of his changed practices,

Case 2:20-cr-00242-LA   Filed 03/05/22   Page 3 of 4   Document 73

Defendant performed significantly more crowns and earned substantially more without significantly increasing his patient base. As such the evidence is directly relevant to prove the existence of the scheme as well as Defendant's motive for it.

The United States intends to present this evidence to the jury in summary format through the very brief testimony of a paralegal who utilized the data to create the chart above and several graphical representations of it. The United States has produced those summary charts to the defense.

The United States submits this memorandum only as an aid to the Court in considering the admissibility of these documents. To the extent the Court is amenable to making an evidentiary ruling on these records in advance of the trial, the United States would welcome that as a way of further expediting testimony.

Dated at Milwaukee, Wisconsin, this 4th day of March, 2022.

> Respectfully submitted,
>
> RICHARD G. FROHLING
> United States Attorney
>
> By:  /s Michael A. Carter
>
> JULIE F. STEWART
> MICHAEL A. CARTER
> Assistant United States Attorneys
> Office of the United States Attorney
> Eastern District of Wisconsin
> 517 East Wisconsin Avenue, Room 530
> Milwaukee, Wisconsin 53202
> Telephone: (414) 297-1700
> E-mail: julie.stewart@usdoj.gov
>            michael.a.carter@usdoj.gov